**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al*., <br><br>              *Plaintiffs,* <br><br>     v. <br><br> COMCAST CORP., *et al*., <br><br>              *Defendants.* | No. 1:11-cv-00106-RJL |

# FIRST ANNUAL REPORT

The United States submits this report in response to the Court's September 1, 2011 Memorandum Order,[1] Docket Doc. No. 27, requesting the following information for the past year with respect to online video distributors ("OVDs"):

1. *How many OVDs initiated arbitration under the FCC Order[2] and the result of those arbitrations*

To date, only one OVD, Project Concord, Inc. ("PCI") has filed for arbitration under the FCC Order.[3]  PCI filed a notice of intent to arbitrate with the FCC seeking a license pursuant to the benchmark condition under Section IV.A.2.b of the FCC Order.[4]

---

[1]    *United States et al. v. Comcast Corp. et al.*, 808 F. Supp. 2d 145, 149-50 (D.D.C. 2011).

[2]    Memorandum Opinion and Order, *In re Application of Comcast Corp., General Elec. Co., and NBC Universal, Inc. for Consent to Assign Licenses and Transfer Control of Licenses*, 26 F.C.C.R. 4238, 4364, App. A, § VII (2011) ("FCC Order"), *available at* < http://hraunfoss.fcc.gov/edocs_public/attachmatch/FCC-11-4A1.doc >.

[3]    The Department understands that another OVD filed a notice of intent to arbitrate under the FCC Order but withdrew the notice after reaching a programming agreement with Comcast-NBCU.

[4]    FCC Order, 26 F.C.C.R. at 4360, App. A, § IV.A.2.b.

It later filed a formal request for arbitration with the American Arbitration Association ("AAA").  On June 15, 2012, the arbitrator appointed by AAA determined that PCI's final offer more closely approximated the fair market value of the video programming rights at issue than Comcast-NBCU's offer.[5]  The arbitrator also ruled that Comcast-NBCU had failed to prove its claim that licensing certain content to PCI would cause Comcast-NBCU to be in breach of pre-existing contracts with third-parties.[6]  The arbitrator ruled that PCI is required to indemnify Comcast-NBCU under Section IV.A.5 of the FCC Order for any breach of contract action against Comcast-NBCU arising out of its lack of any rights to license video programming to PCI.[7]  Finally, the arbitrator denied both parties' requests for attorneys' fees and costs, specifically finding that neither side had engaged in dilatory or improper tactics.[8]

> 2. *How many OVDs appealed the result of any arbitration, and to which judicial bodies, if any, they appealed*

On July 16, 2012, PCI appealed the arbitrator's decision to the Media Bureau of the Federal Communications Commission ("FCC"), but only with respect to the arbitrator's denial of PCI's attorneys' fees and costs.[9]  Under Section IV.E.1 of the FCC

---

[5]   *Project Concord, Inc. v. NBCUniversal Media, LLC,* Case No. 72 472 E 01147 11, Arbitration Award (As Amended) at 14 (AAA Com. Arb. Tribunal June 15, 2012) (Silberberg, Arb.) (redacted for public inspection) ("PCI Arbitration Award"), < http://apps.fcc.gov/ecfs/document/view?id=7021990466 >.

[6]   *Id*. at 3, 10.

[7]   *Id*. at 3, 10-11, 14 (*citing* FCC Order, 26 F.C.C.R. at 4360, App. A, § IV.A.5).

[8]   *Id*. at 3, 11-13, 14.

[9]   Project Concord, Inc. Partial Appeal, *Project Concord, Inc. v. NBCUniversal Media, LLC,* Case No. 72 472 E 01147 11 (arbitration award), *In re Matter of Applications of Comcast Corp., General Electric Co., and NBC Universal, Inc., For Consent to Assign Licenses and Transfer Control of Licenses*, FCC MB Docket No. 10-

Order, the Media Bureau has sixty days to review the decision, which may be extended by the Media Bureau for an additional sixty days.[10]  Without an extension, the Media Bureau has until September 14, 2012 to act.  Thereafter, a party may file an Application for Review of the Media Bureau's decision with the full Commission.[11]  The FCC Order contains no time limit within which the Commission must act on the Application for review.  However, the Order does require the claimant to "carry the relevant programming pending the FCC decision, subject to the terms and conditions of the arbitrator's award."[12]  By statute, the Commission's decision is appealable to a federal court of appeals.[13]

> 3. *How many OVDs sought permission from the Department of Justice to arbitrate under the Final Judgment and how many were granted permission*

To date, only one OVD – PCI – has requested permission from the Department of Justice to arbitrate under the Final Judgment.  Simultaneously with the filing of its request to arbitrate under the Final Judgment, the same OVD also filed a notice of intent

---

56, at 7-8 (filed July 16, 2012), < http://apps.fcc.gov/ecfs/document/view?id=7021990466 >.  Comcast-NBC also appealed the arbitrator's decision to the full Commission, requesting de novo review and alleging that the arbitrator's decision went beyond the requirements in the FCC's Order, requires it to provide programming that is not covered by the Order, and puts it in breach of other agreements. NBCUniversal Media, LLC, Petition for *De Novo* Review, *Project Concord, Inc. v. NBCUniversal Media, LLC,* Case No. 72 472 E 01147 11 (arbitration award), *In re Matter of Applications of Comcast Corp., General Electric Co., and NBC Universal, Inc., For Consent to Assign Licenses and Transfer Control of Licenses*, FCC MB Docket No. 10-56, at 1-3 (filed July 30, 2012), < http://apps.fcc.gov/ecfs/comment/view?id=6017098573 >.

[10]  FCC Order, 26 F.C.C.R. at 4369, App. A, § VII.E.1.

[11]  *Id.*  If the parties file a petition for reconsideration of the Media Bureau's decision, and the petition has not been acted upon by the Media Bureau within sixty days, it is deemed denied.  *Id*. at 4381, App. A, § IV.E.1 n.10.

[12]  *Id*. at 4369, § VII.E.1.

[13]  47 U.S.C. § 402(a); 28 U.S.C. §§ 2342-2344.

to arbitrate under the FCC Order. Once it invoked the FCC's arbitration process, the OVD waived its right to request arbitration under the Final Judgment.[14] No OVD has been granted permission to arbitrate under the Final Judgment.

4. *How many times the United States denied an OVD's request to initiate arbitration under the Final Judgment, and how many of those denied subsequently elected to initiate arbitration under the FCC Order*

The Department has received one request from an OVD – PCI -- to arbitrate under the Final Judgment which the Department subsequently denied because PCI had already initiated arbitration proceedings under the FCC Order.

Dated: September 4, 2012

Respectfully submitted,

/s/_____
Yvette F. Tarlov
(D.C. Bar #442452)
Attorney
Telecommunications & Media Enforcement Section

Antitrust Division
United States Department of Justice
450 Fifth Street, N.W., Suite 7000
Washington, DC 20530
202-514-5621
yvette.tarlov@usdoj.gov

---

[14] *See* Final Judgment, *United States et al. v. Comcast Corp. et al.,* 2011-2 Trade Cas. (CCH) ¶ 77,585, § IV.C (D.D.C. Sept. 1, 2011), 2011 WL 5402137, *7.